[Civ. No. 2376. First Appellate District.—May 21, 1918.]

ZEILA O. BLAKE, Respondent, v. FRANK CRAIG et al., Appellants.

ACTION FOR FORECLOSURE OF MORTGAGE—DEFAULT IN PAYMENT OF IN-
TEREST—LENGTH OF TIME—PLEADING—REFERENCE TO FILING MARK
—SUFFICIENCY OF COMPLAINT.—Where in an action for the fore-
closure of a mortgage it appears from the allegations of the com-
plaint that if any of the installments of interest falling due under
the terms of the note set forth in the complaint should remain un-
paid for thirty days, the principal should forthwith become due at
the election of the holder of the note, the complaint is not demur-
rable for omission to aver that the alleged unpaid interest was more
than thirty days overdue, where it is alleged that the principal with
a certain amount of interest was due and unpaid, and by turning to
the filing-mark on the complaint it can be learned that the pleading
was in fact filed more than thirty days after the alleged default in
the payment of interest.

ID.—ELECTION TO DECLARE WHOLE AMOUNT DUE—NOTICE—FILING OF
COMPLAINT.—In such an action it is not necessary to allege that the
plaintiff had elected to regard the whole amount of the principal as
due on the default in payment of interest, since the filing of the
complaint was of itself a sufficient notice of such election.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellants.

Harry F. Sullivan, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment of foreclosure of a mortgage, and is taken on the judgment-roll alone.

From the allegations of the complaint it appears that if any of the quarterly installments of interest falling due under the terms of the note set forth in the complaint should remain unpaid for thirty days, the principal should forthwith become due at the election of the holder of the note. It also appears from the complaint that a certain installment of interest was not paid when due, but that pleading does not allege that thirty days had elapsed since said interest became due, or that the plaintiff had elected to deem the whole note due and payable, and it is contended by the defendants on this appeal that for these reasons their demurrer to the complaint should have been sustained. The complaint, however, alleges that the principal with a certain amount of interest was due and unpaid; and by turning to the filing-mark on the complaint it is learned that in fact the complaint was filed more than thirty days after the alleged default in the payment of the interest. This fact is also shown by admissions in the defendants' answer.

As to the omission of the plaintiff to aver that she had elected to regard the whole amount of the principal as due on the failure of the defendants to pay the interest within thirty days after a certain installment thereof became due, we think it sufficient to say that the filing of the complaint was of itself a sufficient notice that the plaintiff had availed herself of the option to deem the obligation due.

There is no merit in the defendants' point as to their special defense, nor in the objection to the amount of counsel fee allowed by the court.

The judgment is affirmed.

Beasly, J., *pro tem.*, and Murasky, J., *pro tem.*, concurred.